UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER PATTERSON                                      CIVIL ACTION

VERSUS                                                     NO. 21-30-JWD-RLB

LOUISIANA STATE BOARD OF
ELEMENTARY AND SECONDARY
EDUCATION, ET AL.

## ORDER

Before the Court is Defendant's Motion to Strike Portions of Plaintiff's Amended Complaint. (R. Doc. 50). The motion is opposed. (R. Doc. 53). Defendant filed a Reply. (R. Doc. 58).

**I.    Background**

On or about December 4, 2020, Christopher Patterson ("Plaintiff") initiated this action in state court, naming as defendants the Louisiana School for the Visually Impaired ("LSVI"), the Louisiana School for the Deaf ("LSD"), the Louisiana Special School District ("SSD"), and the Louisiana State Board of Elementary and Secondary Education ("BESE"). (R. Doc. 1-1). Plaintiff alleges that on June 20, 2018, he accepted a position as an assistant principal at the LSD, and relocated for the position from Georgia with his husband and two children. (R. Doc. 1-1 at 3-4). Plaintiff alleges that after he reported certain incidents of inappropriate physical contact between a teacher and student, as well as the improper restraint of students, he was told he was reporting too many incidents and was later placed on exigent leave with no assigned reason. (R. Doc. 1-1 at 4). Plaintiff alleges that he was then terminated from his position for no reason, and learned of various derogatory comments about homosexuals by the Assistant Superintendent Meredith Jordan, including a specific complaint that Plaintiff had "shoved his sexuality" on her by bringing his husband to a homecoming event. (R. Doc. 1-1 at 5-6).

Based on the foregoing, Plaintiff alleged that he was terminated from his employment in violation of the Louisiana Whistleblower Statute, La. R.S. 23:967, the Louisiana Code of Governmental Ethics, La. R.S. 42:1169, Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), and was otherwise entitled to recovery for breach of contract/detrimental reliance. (R. Doc. 1-1 at 6-10). In support of the Title VII claim, Plaintiff asserted that his "sex and/or sexual orientation were determinative factors in Defendant's decisions to terminate him." (R. Doc. 1-1 at 7). Plaintiff did expressly allege a claim under the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. 23:301, *et seq*.

On January 11, 2021, the defendants removed the action asserting that there is federal question jurisdiction under 28 U.S.C. § 1331 in light of Plaintiff's Title VII claim, and that there is supplemental jurisdiction under 28 U.S.C. § 1337 over the remaining state law claims. Within a month after removal, the defendants filed a Motion for Partial Dismissal Pursuant to Rule 12(b)(6). (R. Doc. 5). This motion sought dismissal of all claims except for Plaintiff's Title VII claims.

On September 21, 2021, the district judge granted the Motion and issued the following rulings: (1) Plaintiff's claims under the Louisiana Whistleblower Statute and Louisiana Code of Government Ethics were dismissed with prejudice, (2) Plaintiff's claims for breach of contract and detrimental reliance against the SSD, LSVI, and LSD were dismissed without prejudice; (3) Plaintiff's claims against BESE were dismissed without prejudice; and (4) Plaintiff was provided the opportunity to cure the foregoing deficiencies by amending the Petition within 21 days. (R. Doc. 17). Plaintiff did not amend the pleadings within the time allowed by the district judge's ruling. Accordingly, the sole remaining claim is brought against SSD, LSVI, and LSD with respect to Plaintiff's alleged termination based on his sex or sexual orientation in violation of Title VII.

On November 5, 2021, the undersigned issued a Scheduling Order setting, among other things, the deadline to amend the pleadings by November 30, 2021. (R. Doc. 22). Plaintiff did not seek to amend the pleadings within the foregoing deadline.

On January 17, 2023, the SSD, LSVI, and LSD filed a Motion for Summary Judgment. (R. Doc. 28). In this motion, the defendants argued, in part, that the SSD, LSVI, and LSD are non-juridical entities incapable of being sued, and that the claims in this action should have been brought against the Louisiana Department of Education ("LDOE"). (*See* R. Doc. 28-5 at 4-6). In opposing the Motion for Summary Judgment, Plaintiff states, among other things, that "[g]enuine issues of material fact exist as to whether Defendants violated Title VII and Louisiana Anti-Discrimination Laws." (R. Doc. 35 at 15).

On May 17, 2023, the district judge held a status conference with the parties, in which the defendants acknowledged that the LDOE is the correct defendant and that they would not oppose its substitution as the defendant. (R. Doc 44). The minute entry states the following: "Since the Defendants acknowledged during this conference that the Louisiana Department of Education is the correct Defendant and that they would not oppose its substitution, Plaintiff is granted leave to amend the complaint within 30 days of today." (R. Doc. 44 at 1) (emphasis removed). The district judge denied the pending Motion for Summary Judgment (R. Doc. 28) without prejudice, subject to refiling, and referred the matter to the undersigned for the issuance of a revised scheduling order. (R. Doc. 44 at 1-2).

On May 25, 2023, the undersigned issued a Scheduling Order providing that "[a]n amended complaint will be filed in accordance with the order of the district judge (R. Doc. 44) and the defendant(s) will file an appropriate responsive pleading," and setting new pre-trial and trial deadlines. (R. Doc. 47). The Scheduling Order did not reopen discovery.

On June 9, 2023, Plaintiff filed an Amended Complaint directly into the record. (R. Doc. 48). The Amended Complaint added the LDOE as an additional defendant. (*See* R. Doc. 48 at 2).[1] Moreover, Plaintiff added a new "Louisiana Employment Discrimination Claim" under the LDEL. (*See* R. Doc. 48 at 5-6).

On June 22, 2023, LDOE filed an Answer (R. Doc 49) and the instant Motion to Strike (R. Doc. 53). In support of the Motion to Strike, LDOE argues that the additional LDEL claim should be struck from the Amended Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure because it exceeds the limited scope of the allowed amendment and does not otherwise satisfy the requirements of Rule 15(a)(2) of the Federal Rules of Civil Procedure.

In opposition, Plaintiff argues that the "LEDL claim has always been in dispute" despite LDOE's characterization of the claim as "new" given that the original Petition "complained that he was wrongfully terminated and his sex and/or sexual orientation were determinative factors in Defendants' decision to terminate him." (R. Doc 53 at 1). Plaintiff suggests that under both the Federal and Louisiana pleading standards, he has alleged "sufficient factual allegations to establish a cause of action for employment discrimination under both Federal and Louisiana Law." (R. Doc. 53 at 3). In short, Plaintiff argues that the "LEDL claim is not new" given that he alleged sufficient "facts to support his LEDL claim from the beginning of the litigation" and that "Louisiana generally looks to Title VII jurisprudence when interpreting Louisiana's employment discrimination laws." (R. Doc. 53 at 5-6).

In reply, LDOE again argues that Plaintiff has failed to meet the standard for amendment under Rule 15(a) and otherwise has not demonstrated that his undue delay in adding an LEDL

---

[1] The Amended Complaint also continues to name the SSD, LSVI, and LSD as defendants. (*See* R. Doc. 48 at 1, 6). For the purposes of this order, the Court will treat LDOE as the sole defendant given the district judge's instructions. (*See* R. Doc 44).

4

claim nearly three years after the action was filed, and nearly eleven months after the close of discovery, was due to an oversight, inadvertence, or excusable neglect. (R. Doc. 58).

On July 28, 2023, LDOE filed a renewed Motion for Summary Judgment. (R. Doc. 55). This motion addresses Plaintiff's LEDL claim on the merits should the claim be allowed. (*See* R. Doc. 55-5 at 2, 6-22).

**II.     Law and Analysis**

    **A.     Legal Standards**

Federal Rule of Civil Procedure 12(f) authorizes district courts to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Such a motion serves to clean up the pleadings, streamline the case and avoid unnecessary inquiries into immaterial matters." *Corley v. Louisiana ex rel Div. of Admin. Off. of Risk Mgmt.*, No. 06-882, 2010 WL 3259376, at *2 (M.D. La. Aug. 16, 2010). A motion to strike, however, is a " 'drastic remedy' that is 'disfavored' by courts and generally require a showing of prejudice to the moving party." *Becnel v. Mercedes-Benz USA, LLC*, No. 14-0003, 2014 WL 4450431 (E.D. La. Sept. 10, 2014). Nevertheless, it is proper to strike amendments that exceed the scope of leave granted by the court. *Carter v. Cain*, No. 17-201, 2020 WL 1281240, at *2 n. 17 (M.D. La. Mar. 17, 2020) (striking allegations with respect to additionally added defendants where the "Court granted leave to amend in order for Plaintiff to make additional allegations regarding the personal involvement of the Defendants in the events out of which this case arises" and "[t]he addition of new Defendants was not contemplated by this Court's relatively narrow leave to amend.").

After a scheduling order is in place, amendments to pleadings beyond the date set by the scheduling order are governed by Rule 16 of the Federal Rules of Civil Procedure, which requires a showing of "good cause" for modifying the deadline set by the scheduling order. *See S*

5

*& W Enter., LLC v. South Trust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). In order to show "good cause" the party seeking modification must show the deadlines could not "reasonably be met despite the diligence of the party needing the extension." *Id*. at 545 (citation omitted). The Court considers four factors for determining whether "good cause" exists to grant an untimely motion to amend a pleading: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *See id*. (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co*., 110 F.3d 253, 257 (5th Cir. 1997)). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S & W Enter.*, 315 F.3d at 536.

Under Rule 15(a)(2), after the period for amending as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). The Court may consider several factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment. . . ."

6

*See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### B. Analysis

Having considered the record and the arguments of the parties, the Court will grant the instant Motion to Strike. Plaintiff's Amended Complaint, to the extent it explicitly alleges claims under the LEDL, violates the limited scope of amendment allowed by the district judge and the revised scheduling order. Accordingly, it was filed improperly and without leave of Court. Plaintiff has not otherwise established good cause to amend the pleadings under Rule 16(b)(4) or that the requirements for amendment under Rule 15(a)(2) are satisfied.

Plaintiff initiated this action on December 4, 2020. After removal and dismissal of certain claims, the undersigned set the deadline to amend the pleadings on November 30, 2021. Plaintiff made no attempt to amend the pleading prior to that deadline to add a claim under the LEDL. It appears that the first time that Plaintiff referenced a potential LEDL claim was in the context of a brief filed on February 28, 2023 in opposition to the original Motion for Summary Judgment. (*See* R. Doc. 35 at 15). Plaintiff at no time prior to the filing of that opposition sought leave to amend the pleadings to add an LEDL claim. Furthermore, the district judge specifically denied the original Motion for Summary Judgment, without prejudice, because Plaintiff sued the wrong defendants (SSD, LSVI, and LSD) and needed to substitute the correct defendant (LDOE). That the district judge's grant of leave to amend did not expressly "prohibit" Plaintiff from "clarifying" his claims does not expand the limited purpose of the leave granted: to substitute the LDOE as the proper defendant.[2]

---

[2] As discussed above, Plaintiff does not even fully correct the pleading for this limited purpose, given that he continues to name SSD, LSVI, and LSD as defendants in the Amended Complaint. (*See* R. Doc. 48 at 1, 6).

7

Furthermore, Plaintiff makes no attempt to establish good cause to allow untimely amendment as required by Rule 16(b)(4). Instead, Plaintiff argues that under the Federal and Louisiana pleading standards, the LEDL claim was implicitly alleged at the time the initial Petition was filed. Plaintiff provides no explanation for not seeking to expressly allege an LEDL claim at the initiation of this lawsuit or prior to the deadline to amend the pleadings set by this Court.

To the extent Plaintiff argues that an LEDL claim exists regardless of whether amendment is allowed, Plaintiff can raise that issue with the district judge in the context of opposing the renewed Motion for Summary Judgment. The undersigned only rules that Plaintiff improperly added an explicit LEDL claim to his initial pleading by untimely amendment without obtaining leave of court.

That said, even if Plaintiff could establish good cause to allow this untimely amendment, it appears that Plaintiff's claim for sexual orientation discrimination under the LEDL is futile. "It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citations omitted). The "futility" of amendments to a complaint is measured by whether "the amended complaint would fail to state a claim upon which relief could be granted" under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* at 873 (citations omitted). Here, Plaintiff's claim for sexual orientation discrimination under the LEDL would fail, as a matter of law, because "the LEDL does not prohibit discrimination of sexual orientation." *Oliver v. Military Department*, No. 22-356-SDD-RLB, 2023 WL 2700709, at *10 (M.D. La. March 29, 2023) (dismissing LEDL claims with prejudice); *see Louisiana Dep't of Just. v. Edwards*, 233 So. 3d 76, 81 (La. App. 1st Cir. 2017) ("[T]he Louisiana Legislature and the people of the State of Louisiana have not yet revised

the laws and/or the state Constitution to specifically add 'sexual orientation' or 'gender identity' to the list of protected persons relating to discrimination.").

The Court is aware that Plaintiff also appears to allege, in conclusory fashion, that he has raised a "sex" discrimination claim under the LEDL as well. The Amended Complaint (as with the original Petition) is devoid of any allegations supporting a finding that Plaintiff was terminated because of his sex as opposed to sexual orientation. Any "sex" discrimination claim under the LEDL lacks facial plausibility, and would also be subject to dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Strike Portions of Plaintiff's Amended Complaint (R. Doc. 50) is **GRANTED**, and Plaintiff's references to claims brought pursuant to the LEDL (in Paragraph 32 or otherwise) are **STRUCK** from the Amended Complaint.

Signed in Baton Rouge, Louisiana, on August 14, 2023.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**